**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**

**CASE NO:**

JESUS WILLIAMS, and all
others similarly situated under
*29 U.S.C. 216(b),*

      Plaintiff(s),

      v.

DYNASERV FLORIDA LLC,
a Florida limited liability company,

      Defendant.
_____/

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

Plaintiff, JESUS WILLIAMS ("Plaintiff"), pursuant to *29 U.S.C. § 216(b)*, files the following Collective Action Complaint against Defendant, DYNASERV FLORIDA LLC ("Defendant"), and alleges as follows:

**INTRODUCTION**

1. Defendant unlawfully deprived Plaintiff, and all other employees similarly situated, of overtime compensation during the course of their employment. This action arises under the Fair Labor Standards Act ("FLSA"), pursuant to *29 U.S.C. §§ 201-216*, to recover all overtime wages that Defendant refused to pay Plaintiff, and all those similarly situated to Plaintiff, during his employment.

**PARTIES**

2. During all times material hereto, Plaintiff was a resident of Broward County, Florida, over the age of 18 years, and otherwise *sui juris*.

3. During all times material hereto, Defendant, DYNASERV FLORIDA LLC, was a Florida limited liability company located and transacting business within Broward County, Florida, within the jurisdiction of this Honorable Court.

4. During all times material hereto, Plaintiff worked for Defendant, DYNASERV FLORIDA LLC, at 990 South Flamingo Road, Davie, Florida 33325.

5. Defendant, DYNASERV FLORIDA LLC, was Plaintiff's employer, as defined by *29 U.S.C. § 203(d)*, during all times pertinent to the allegations herein.

## JURISDICTION AND VENUE

6. The acts or omissions that give rise to this dispute took place within Broward County, Florida, which falls within the jurisdiction of this Honorable Court.

7. Defendant, DYNASERV FLORIDA LLC regularly transacts business in Broward County, Florida, and jurisdiction is therefore proper within the Southern District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. §§ 1331* and *1337*.

8. Venue is also proper within the Southern District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. § 1391(b)*.

## GENERAL ALLEGATIONS

9. Defendant, DYNASERV FLORIDA LLC is a full-service landscape and exterior services company that provides its services to at least 1,400 HOA, Condo, Commercial, Municipal and Retail properties throughout Florida. http://www.dynaservfl.com/about-us/ (last visited July 17, 2020).

10. Defendant, DYNASERV FLORIDA LLC operates in at least nine (9) southern states within the country. http://www.dynaservfl.com/about-us/ (last visited July 17, 2020).

## FLSA COVERAGE

11. The FLSA covers Defendant, DYNASERV FLORIDA LLC, through enterprise coverage, as Defendant was engaged in interstate commerce during Plaintiff's employment period. More specifically, Defendant's business and Plaintiff's work for Defendant affected interstate commerce because the goods and materials that Plaintiff and other employees used or handled on a constant and continuous basis moved through interstate commerce prior to Plaintiff's use of the same. Accordingly, Defendant was engaged in interstate commerce pursuant to *29 U.S.C. § 203(s)(1)(B)*.

12. During his employment with Defendant, Plaintiff and multiple other employees handled and worked with various goods or materials that moved through interstate commerce, including, but not limited to the following: lawn mowers, gardening tools, lawn fertilizers, garbage bags, trucks, sprinklers, weed control treatments, mulch, pavers, soils, landscaping rocks, edgers, wall blocks, fire pit kits, stepping stones, landscape fabrics, garden fence panels, spades, shovels, planting tools, rakes, pitchforks, garden hoes, cultivators and weeders, pruning knives, shears, scrapers, credit card processors, cellular telephones, fax machines, etc.

13. Defendant, DYNASERV FLORIDA LLC, regularly employed two (2) or more employees for the relevant time period, and these employees handled the same or similar goods or materials as Plaintiff, thus making Defendant, DYNASERV FLORIDA LLC an enterprise covered by the FLSA.

14. Upon information and belief, Defendant, DYNASERV FLORIDA LLC, grossed or did business in excess of $500,000.00 during the years 2017, 2018, 2019, and it is expected to gross in excess of $500,000.00 in 2020.

15. During all times material hereto, Plaintiff was a non-exempt hourly employee of Defendant within the meaning of the FLSA.

### PLAINTIFF'S WORK FOR DEFENDANTS

16. Plaintiff worked for Defendant from October 22, 2019 until February 10, 2020.

17. During all time periods pertinent to this Complaint, Defendant retained the power to hire, fire, and discipline employees, as well as control company pay practices as they relate to Plaintiff and other similarly situated employees.

18. During all time periods pertinent to this Complaint, Plaintiff and the putative class performed non-exempt work for Defendant as landscapers.

19. During all times material hereto, Plaintiff was an hourly employee whose regular hourly rate was fourteen ($14.00) per hour.

20. Plaintiff worked in excess of forty (40) hours per week in one or more workweeks while employed by Defendant.

21. During the relevant time period, Defendant removed between thirty (30) minutes and one (1) hour for a lunch period.

22. When Plaintiff approached or surpassed forty (40) hours in a workweek, Defendant often deducted one (1) hour for a lunch period, even though Plaintiff did not take a lunch break for longer than thirty (30) minutes. Upon information and belief, this unlawful pay policy resulted in company-wide overtime violations during the relevant time.

### COUNT I – FEDERAL OVERTIME WAGE VIOLATIONS – *29 U.S.C. § 207*

23. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 22 as though set forth fully herein.

24. Plaintiff alleges this action pursuant to the Fair Labor Standards Act ("FLSA"), *29 U.S.C. § 216(b)*.

25. Defendant failed to compensate Plaintiff at the proper overtime rate of time-and-one-half his regular hourly rate for all of the hours that he worked in excess of forty (40) during his employment period.

26. Defendant willfully and intentionally refused to pay Plaintiff's overtime wages as the FLSA requires, as Defendant knew of the overtime requirements of the FLSA.

27. Defendant recklessly failed to investigate whether Defendant's payroll practices were in accordance with the FLSA during the relevant time period.

28. Accordingly, the statute of limitations in this action should be three (3) years as opposed to two (2) years.

29. Defendant's willful or intentional violations of federal wage law entitle Plaintiff to an additional amount of liquidated, or double, damages.

30. As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, JESUS WILLIAMS, respectfully requests that this Honorable Court enter judgment in his favor and against Defendant, DYNASERV FLORIDA LLC, and award Plaintiff: (a) unliquidated damages to be paid by Defendant; (b) liquidated damages to be paid by Defendant; (c) a reasonable incentive award for his participation as class representative; (d) reasonable attorney's fees and costs to be paid by Defendant; and any and all such further relief as this Court may deem just and reasonable under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, JESUS WILLIAMS, requests and demands a trial by jury on all appropriate claims.

**Dated this 17th day of July 2020.**

                        Respectfully Submitted,

**USA EMPLOYMENT LAWYERS-JORDAN RICHARDS, PLLC**
805 East Broward Blvd., Suite 301
Fort Lauderdale, Florida 33301
Tel: (954) 871-0050
*Counsel for Plaintiff, Jesus Williams*

By: */s/ Jordan Richards, Esq.*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
MELISSA SCOTT, ESQUIRE
Florida Bar No. 1010123
JAKE BLUMSTEIN, ESQUIRE
Florida Bar No. 1017746
*Jordan@jordanrichardspllc.com*
*Melissa@jordanrichardspllc.com*
*Jake@jordanrichardspllc.com*
*April@usaemploymentlawyers.com*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on July 17, 2020.

By: */s/ Jordan Richards, Esq.*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

## SERVICE LIST: