UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 20-cv-61454-ALTMAN/HUNT

JESUS WILLIAMS, and all
others similarly situated under
*29 U.S.C. 216(b)*,

    Plaintiff(s),

v.

DYNASERV FLORIDA LLC,
a Florida limited liability company,

    Defendant.
_____/

## JOINT MOTION FOR COURT APPROVAL OF SETTLEMENT AGREEMENT AND FOR ORDER OF DISMISSAL WITH PREJUDICE

COMES NOW, Plaintiff, JESUS WILLIAMS ("Plaintiff"), and Defendant, DYNASERV FLORIDA, LLC ("DFL") (Plaintiff and Defendant collectively "the Parties") by and through undersigned counsel, and hereby file this Joint Motion for Court Approval of Settlement Agreement and For Order of Dismissal with Prejudice, as follows:

### I.    FACTUAL BACKGROUND

Plaintiff filed his Complaint against Defendant on July 17, 2020. *D.E. 1*. The Complaint alleges that Defendant violated the overtime provisions of the Fair Labor Standards Act ("FLSA") by failing to properly compensate Plaintiff when he worked in excess of forty (40) hours per week. *Id.* Plaintiff filed a Motion for Clerk's Entry of Default on August 18, 2020. *D.E. 6*. Defendant filed its Unopposed Motion to Set Aside Clerk's Default on August 28, 2020. *D.E. 9*. The Court filed an Order Scheduling a Status Conference on September 16, 2020. *D.E. 11*. On September

29, 2020 – a few hours before the Status Conference scheduled with Judge Altman – the Parties fully resolve Plaintiff's claims and filed a Joint Notice of Settlement. *D.E. 13*.

Defendant denies that Plaintiff is entitled to any overtime whatsoever. In order to avoid the expense and uncertainty of protracted litigation, the Parties negotiated a settlement agreement ("the Agreement") and reached an accord on all material terms. *D.E. 13*. Under the Settlement Agreement, Plaintiff will receive a **100%** of the alleged unpaid overtime wages **and** liquidated damages he claims to be owed. A copy of the fully executed settlement agreement is attached as Exhibit A. Counsel for the Parties who are experienced in wage and hour litigation believe the settlement reached in this case provides Plaintiff with fair and reasonable compensation for his FLSA overtime claim. Accordingly, the Parties respectfully request that this Honorable Court grant their Joint Motion for Court Approval of Settlement Agreement and For Order of Dismissal with Prejudice.

## II.     **MEMORANDUM OF LAW**

Unlike many other legal claims, parties may not bargain away the FLSA's protections. *See* Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 708 (1945) ("[T]he same policy which forbids employee waiver of the minimum statutory rate because of inequality of bargaining power prohibits these same employees from bargaining with their employer in determining whether so little damage was suffered that waiver of liquidated damages is called for"). There are only two ways in which overtime claims arising under the FLSA can be settled or compromised by employees. *See, e.g.,* Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352 (11th Cir. 1982). First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them. *Id.* at 1353. The only other route for compromise of

FLSA claims is provided in the context of lawsuits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. *Id.*

The district court may enter a stipulated judgment in an FLSA case after scrutinizing the settlement for fairness. Lynn's Food Stores, Inc., 679 F.2d at 1353-55; *see also.* Mercado v. Snyder., 2015 WL 11142629 at *1 (S.D. Fla. Dec. 11, 2015) (Rosenberg, J.); *see also* Renaud v. Kingdom Office Supply, Inc., 2019 WL 2254717 at *1 (S.D. Fla. April 26, 2019) (Hunt, J.) (approving FLSA Settlement Agreement upon finding that the settlement was a fair and reasonable resolution of a bona fide dispute over liability). If a settlement in an FLSA dispute reflects a reasonable compromise over issues that are actually in dispute, such as FLSA coverage or computation of back wages, the District Court is permitted to review and approve the settlement in order to promote the policy of encouraging settlement of litigation. *See* Lynn's Food Stores, Inc., 679 F.2d at 1353.

Here, the Parties respectfully submit that the settlement of Plaintiff's FLSA overtime claims constitutes a fair and reasonable resolution. Without admitting any liability whatsoever as to the alleged overtime violations, Defendant has agreed to pay Plaintiff **100%** of the alleged unpaid overtime wages **and** liquidated damages. *See Exhibit A*. In addition, Defendant has agreed to pay attorneys' fees and costs separate and apart from Plaintiff's overtime and liquidated damages to avoid any compromise of Plaintiff's claims. If Plaintiff had proceeded to trial, a jury could have determined that Plaintiff was not entitled to overtime wages or liquidated damages. In order to avoid the uncertainties inherent in litigation, the Parties negotiated a payment through counsel that is satisfactory to all Parties. *See* Monteiro v. United Petro Convenience, Inc., 2019 WL 5296767 at *1 (S.D. Fla. July 23, 2019) (Hunt, J.) (explaining that courts may consider the opinion of counsel when approving FLSA settlement agreements).

The undersigned counsel, who are experienced in wage and hour litigation, view the reached-upon settlement as a fair outcome for the Parties. Defendant has agreed to pay attorneys' fees and costs separate and apart from Plaintiff's overtime and liquidated damages – thereby eschewing any compromise whatsoever to Plaintiff's FLSA claims. *See Exhibit A*. Therefore, the settlement terms represent a fair and reasonable resolution of this matter in light of the contested issues in this case.

### III. CONCLUSION

**WHEREFORE**, for the reasons set forth herein, the Parties respectfully submit that the terms set forth within the Settlement Agreement constitute a fair and reasonable resolution Plaintiff's FLSA Claims, and request that this Honorable Court approve the Settlement Agreement, enter a dismissal with prejudice, and retain jurisdiction over enforcement of the Settlement Agreement for forty-five (45) days.

**Dated this 4th day of November 2020**

Respectfully submitted,

| | |
|---|---|
| **USA EMPLOYMENT LAWYERS JORDAN RICHARDS, PLLC**<br>*Counsel for Plaintiff*<br>805 E. Broward Blvd. Suite 301<br>Fort Lauderdale, Florida 33301<br>Tel: (954) 954-871-0050<br><br>By:/s/ *Jake Blumstein*<br>**JAKE BLUMSTEIN, ESQ.**<br>Fla. Bar No. 1017746<br>**JORDAN RICHARDS, ESQ.**<br>Fla. Bar No. 108372<br>jordan@jordanrichardspllc.com<br>jake@jordanrichardspllc.com | **GORDON REES SCULLY MANSUKHANI**<br>*Counsel for Defendant*<br>Miami Tower<br>100 S.E. Second Street, Suite 3900<br>Miami, Florida 33131<br>Tel: (305) 428-5323<br><br>By:/s/ *Capri Trigo*<br>**CAPRI TRIGO, ESQ.**<br>Fla. Bar No. 28564<br>ctrigo@grsm.com |

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was served by CM/ECF on all parties listed below on this 4th day of November 2020.

By: /s/ *Jake Blumstein, Esq.*
JAKE BLUMSTEIN, ESQUIRE
Florida Bar No. 1017746

## SERVICE LIST:

**CAPRI TRIGO, ESQ.**
Fla. Bar No. 28564
**GORDON REES**
**SCULLY MANSUKHANI**
Miami Tower
100 S.E. Second Street, Suite 3900
Miami, Florida 33131
Tel: (305) 428-5323
Email: ctrigo@grsm.com
*Counsel for Dynaserv Florida LLC*